| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Kristin A. Zilberstein, Esq. (SBN: 200041)<br>Jennifer R. Bergh, Esq. (SBN 305219)<br>Adam P. Thursby, Esq. (SBN 318465)<br>GHIDOTTI | BERGER LLP<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705<br>Ph: (949) 427-2010 ext. 1010<br>Fax: (949) 427-2732<br>kzilberstein@ghidottiberger.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAR 07 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY ghaltchi   DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*Los Angeles* DIVISION**

| In re:<br>Luis Alberto Bravo<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-10005-NB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 3/5/2019<br>TIME: 10:00AM<br>COURTROOM: 1545<br>PLACE: 255 E Temple St., Los Angeles, CA 90012 |
|---|---|

**Movant:** U.S. Bank Trust National Association as Trustee of Chalet Series III Trust, its successors and/or assignees

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    6726 East Wardlow Road
   *Unit/suite number*:
   *City, state, zip code*:    Long Beach, CA 90808

   Legal description or document recording number (including county of recording): 20080572234, Los Angeles County, CA

   ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 1    F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☒ <u>Multiple bankruptcy cases affecting the Property.</u>

      (3) ☒ The court    ☐ makes    ☒ does not make    ☐ cannot make
          a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 2                              **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: March 7, 2019

_____
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*     Page 3     F 4001-1.RFS.RP.ORDER

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, March 5, 2019                                            Hearing Room    1545

10:00 AM
**2:19-10005**    **Luis Alberto Bravo**                                               **Chapter 13**

    **#4.00**     Hrg re: Motion for relief from stay [RP]

               U.S. BANK TRUST NATIONAL ASSOCIATION
               vs
               DEBTOR

                             Docket      24

**Tentative Ruling:**

     Grant as provided below. <u>Appearances are not required</u>.

     *Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling. *See* LBR 9021-1(b)(1)(B).

     <u>Termination</u>
         Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(4).
         To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

     <u>Relief notwithstanding *future* bankruptcy cases</u>.
         Grant the following relief pursuant to 11 U.S.C. 362(d)(4) and the legal analysis in *In re Vazquez*, 580 B.R. 526 (Bankr. C.D. Cal. 2017), and/or *In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31), as applicable:
             If this order is duly recorded in compliance with applicable State laws governing notices of interests or liens in the property at issue, then no automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case.
             For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed, including any eviction actions, through and including any lockout or other

---

3/1/2019 10:27:29 AM           Page 9 of 134

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                  Page 4                                  **F 4001-1.RFS.RP.ORDER**

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Tuesday, March 5, 2019**                                                                                       **Hearing Room    1545**

---

**10:00 AM**
**CONT...**    **Luis Alberto Bravo**                                                                                                    **Chapter 13**

  enforcement by the Sheriff or other authorized legal authority.
  Note: Per Judge Bason's posted procedures (available at www.cacb.uscourts.gov) this Court's order will state that the Court "does not make" a finding that Debtor was involved in the "scheme" referenced in section 362(d)(4), unless there is sufficient evidence that Debtor was involved <u>and</u> Debtor is given clear notice that the movant seeks an express finding that Debtor was involved.  The tentative ruling in this particular case is that there <u>is not</u> sufficient evidence and notice.

  <u>No prejudice to Debtor intended</u>.  Based on the record, it appears that this is a "hijacked" case, and that Debtor is innocent of any involvement.  *See e.g., In re Vazquez*, 580 B.R. 526 (Bankr. C.D. Cal. 2017) (describing hijacking); *In re Dorsey*, 476 B.R. 261 (Bankr. C.D. Cal. 2012) (same).  Accordingly, the tentative ruling is to condition any relief from the automatic stay on this Court's determination that this motion shall not result in the application of sections 109(g)(2) and 362(b)(21)(A) to Debtor or any property other than the property that is the subject of this motion for relief from the automatic stay, and that by not contesting this tentative ruling the movant has waived and forfeited any contrary argument.  *See In re Leafty*, 479 B.R. 545, 550-51 (9th Cir. BAP 2012); *In re Mendez*, 367 B.R. 109, 116-17 (9th Cir. BAP 2007); *In re Luna*, 122 B.R. 575, 577 (9th Cir. BAP 1991); *Dorsey*, 476 B.R. 261, 270.

<u>Effective date of relief</u>
  Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

<u>Co-debtor stay</u>
  Any co-debtor stay (11 U.S.C. 1301(c)) has not been shown to have any basis for any different treatment from the stay under 11 U.S.C. 362(a), so the tentative ruling is to grant the identical relief regarding any co-debtor stay.

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

---
**Party Information**

---

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 5                                              **F 4001-1.RFS.RP.ORDER**

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, March 5, 2019**                                                                 **Hearing Room    1545**

10:00 AM
CONT...         **Luis Alberto Bravo**                                                                               Chapter 13

**Debtor(s):**

   Luis Alberto Bravo                              Represented By
                                                       Brad  Weil

**Movant(s):**

   U.S. Bank Trust National                        Represented By
                                                       Kristin A Zilberstein

**Trustee(s):**

   Kathy A Dockery (TR)                            Pro Se

3/1/2019 10:27:29 AM                        Page 11 of 134

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 6                                    **F 4001-1.RFS.RP.ORDER**